IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LARICAS FARENTTA PETERSON, | : |
| Plaintiff, | : |
| VS. | : |
| | :   1 : 11-CV-160 (WLS) |
| TIFFANY WHATLEY, *et al.*, | : |
| Defendants. | : |

**RECOMMENDATION**

The Plaintiff filed this action in November 2011, raising allegations of deliberate indifference to serious medical needs. (Doc. 1). The Plaintiff's service copy of the Court's initial Order and Recommendation was returned as undeliverable on February 8, 2012. (Doc. 14). On July 18, 2012, the Court issued a Show Cause Order, noting the Plaintiff's lack of action in this matter since paying an initial partial filing fee on January 23, 2012, and directing the Plaintiff to show cause as to why this matter should not be dismissed. (Doc. 18). The Plaintiff's service copy of this Order was returned as undeliverable. (Doc. 19). The Defendants filed a Motion to Dismiss for Lack of Prosecution on August 14, 2012, and the Court issued an Order on August 15, 2012, notifying the Plaintiff of the pendency of this motion and directing him to respond thereto. (Docs. 20, 21). Plaintiff's service copy of the Court's August 15, 2012 Order was returned to the Court as undeliverable, bearing the notation "Released". (Doc. 22).

Defendants assert that the Plaintiff has failed to diligently prosecute this action,

inasmuch as he has failed to take any action on his Complaint since he filed it and has failed to keep the Court informed as to his current address.   Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution.  *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).  The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff.  As set out by the Defendants, Plaintiff has failed to respond to the Court's Show Cause Order.  (Doc. 18).  Over eight months have passed since the Plaintiff=s last direct contact with the Court, when Plaintiff paid an initial partial filing fee, and the return of Plaintiff's mail to the Court evidences Plaintiff's failure to keep the Court informed as to his current address.  (Docs. 14, 19, 22).  Plaintiff has failed to respond to the Defendants= Motion to Dismiss (Doc. 20) as directed, although the Certificate of Service attached to Defendants= motion indicates service on the Plaintiff at his last known address.  The Court finds that lesser sanctions will not suffice.  Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in eight months, has failed to respond to the Defendants= Motion to Dismiss, and has failed to respond to the Court's Show Cause Order, it is the recommendation of the undersigned that the Defendants=Motion

to Dismiss (Doc. 20) be **GRANTED,** and that this action be **DISMISSED** as to all Defendants.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 11th day of October, 2012.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE